UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> NICHOLAUS S. JAMES, ) <br> ) <br> Defendant. ) <br> ) | NO.   5:13-CR-031-JLQ <br><br> MEMORANDUM OPINION AND <br> ORDER RE: SENTENCING |

On March 6, 2014, Defendant, Nicholaus S. James, accompanied by his attorneys, Assistant Federal Defenders Young J. Kim and Jeffrey A. Aaron appeared at the time set for sentencing. The Government was represented by Assistant United States Attorney Allen W. Chiu and Special Assistant United States Attorney Stephen Merrill. After hearing from counsel and Defendant, the court imposed a sentence of 24-months. This Memorandum Opinion memorializes and supplements the oral rulings and findings of the court.

**I. Discussion**

Defendant was convicted after a four-day jury trial of six counts of wire fraud in violation of 18 U.S.C. § 1343. The base offense level for wire fraud under 18 U.S.C § 1343 is 7. Pursuant to U.S.S.G. 2B1.1(b)(1)(F), as the amount of loss exceeds $120,000, 10 levels are added. The parties do no dispute that the total offense level is at least 17. There is also no dispute that Defendant's criminal history is I. However, three potential 2-level enhancements are at issue: 1) a 2-level increase for more than 10 victims per USSG 2B1.1(b)(2)(A)(i); 2) a 2-level enhancement per USSG 2B1.1(b)(10) for "sophisticated means"; and 3) a 2-level enhancement for obstruction of justice per USSG 3C1.1.

ORDER - 1

**A. 10 or more victims** - The Probation Office recommends application of this enhancement. The Probation office calculates exactly 10 victims, by including unidentified victims. Defendant argues there were not 10 or more victims named in the Indictment, and thus there is no finding by the jury of 10 or more victims. The Government concedes this point. See ECF No. 83, p. 9, "...absent any additional information about the unidentified victims, the government believes that the 2-level increase under USSG § 2B1.1(b)(2)(A)(I) for 10 victims should not apply." The court finds the enhancement for 10 or more victims does not apply.

**B**. **Sophisticated Means** - This court presided over a four-day jury trial and is very familiar with the means utilized by Mr. James to commit wire fraud. James used multiple e-mail addresses, created a fake MySpace page, posed as various individuals such as Semaj Carter and Lil'Wayne's actual manager Cortez Bryant. Defendant argues that creating fake e-mails and MySpace pages is not complex. Defendant further argues that his booking contract was not sophisticated, and points to the typo in the work, "Sevin". (ECF No. 82, p. 4). Defendant further argues that all fraud cases involve deception, and that this case is not "especially complex or especially intricate".

"Conduct need not involve highly complex schemes or exhibit exceptional brilliance to justify a sophisticated means enhancement." *U.S. v. Young*, 537 Fed.Appx. 777, 781 (9th Cir. 2013). The court finds sufficient evidence supports application of this enhancement. Defendant used knowledge of the music industry, gained from his experience as a DJ, to commit fraud. He was able to deceive a variety of seemingly sophisticated people ranging from a Vegas promoter to a fraternity president (who testified at trial that he had become a financial advisor at Goldman Sachs). In *U.S. v. Mehdi*, 511 Fed.Appx. 662 (9th Cir. 2013), the Circuit found that defendant had used "multiple names, addresses, and bank accounts" including addresses in multiple states and that was sufficient to remove the case from a "routine" case of mail fraud and support imposition of the enhancement. Similarly, the court

ORDER - 2

does not find that James' fraudulent concert promotion scheme was a "routine" case of wire fraud. The court finds the two-level enhancement applies.

C. **Obstruction of Justice** - The Probation Office identified a potential enhancement for obstruction of justice, but made no recommendation, deferring to the court which had presided over the trial and heard Defendant's testimony. The Government argues that Defendant committed perjury and an enhancement is appropriate pursuant to USSG § 3C1.1. The enhancement is applicable where a defendant commits perjury, but "it is not intended to punish a defendant for the exercise of a constitutional right." (USSG 3C1.1, App. Note 2). The enhancement does not apply in every case where a defendant testifies, and the jury renders a guilty verdict. The Supreme Court has rejected the argument that the enhancement undermines a defendant's right to testify, and stated that "a defendant's right to testify does not include a right to commit perjury." *United States v. Dunnigan*, 507 U.S. 87, 96 (1993).

The Government argues that Defendant's testimony that he was working with an individual named Semaj Carter was false, as was his testimony that he gave all of the money received to Semaj. (ECF No. 83, p. 12). The Government argues that his trial testimony was inconsistent with his prior statement to law enforcement that he was, in fact, Semaj Carter. Further, the Government argues his testimony that he did not spend any money on himself was demonstrably false because evidence shows that he issued checks from the proceeds to his landlord, girlfriend, and others and his prior statement to law enforcement was that he had spent some of the money at casinos.

If the court decides to impose the enhancement, it must make specific factual findings going to the three elements of perjury - - falsity, materiality, and willfulness. See *United States v. Alvarado-Guizar*, 361 F.3d 597, 600 (9th Cir. 2004) citing to *United States v. Dunnigan*, 507 U.S. 87 (1993). The court must find that the Defendant has given false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *Id.* The Circuit stated that

ORDER - 3

"the role of factual findings is to safeguard the constitutional and statutory right to testify on one's own behalf in a criminal proceeding." *Id.* at 607.

The court finds Defendant's testimony was not credible. The court finds that Defendant's testimony that he was working with an individual named Semaj Carter who was directing his actions and taking the proceeds of the concert promotion was false. Such testimony was material, and the court further finds it was willfully false. Defendant provided a statement to law enforcement prior to trial, which was in many respects a confession. He admitted that there was no Semaj Carter. He then made the choice to revert to the false story of Semaj Carter at trial and provided false testimony in support of that argument.

The court finds the two level enhancement for obstruction of justice applies.

**II. Conclusion** - The court calculated a final offense level of 21, with a criminal history I, for a Guideline Range of 37 to 46 months. The court considered all of the factors under 18 U.S.C. § 3552(a), and considered Defendant's arguments that his medical history and impending birth of a new child were mitigating circumstances. The court considered the nature of the offense, the need for appropriate punishment, and the importance of deterrence. Ultimately, the court concluded that a sentence of 24-months was "sufficient, but not greater than necessary" to accomplish the purposes set forth in § 3553.

**IT IS ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel **AND TO** the United States Probation Office.

**DATED** this 7th day of March, 2014.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4